**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------x
                                )        Chapter 11

In re:                        )

                                )        Case No.  12-13319 (KG)

LCI HOLDING COMPANY, INC, *et al.*,  )        (Jointly Administered)

       Debtors[1]               )

                                )
--------------------------------------------------------x

**AMENDED AND RESTATED SCHEDULES OF ASSETS & LIABILITIES
FOR LIFECARE HOLDINGS, INC (CASE NO. 12-13321)**

---

[1]       The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: LCI Holding Company, Inc (7662), Boise Intensive Care Hospital, Inc (2686), CareRehab Services, L.L.C. (2279), Crescent City Hospitals, L.L.C. (2012), LCI Healthcare Holdings, Inc. (N/A), LCI Holdco, LLC (3233), LCI Intermediate Holdco, Inc (7709), LifeCare Ambulatory Surgery Center, Inc (N/A), LifeCare Holding Company of Texas, LLC (9174), LifeCare Holdings, Inc (2090), LifeCare Hospital at Tenaya, LLC (8443), LifeCare Hospitals, LLC (9674), LifeCare Hospitals of Chester County, Inc. (6062), LifeCare Hospitals of Dayton, Inc. (2086), LifeCare Hospitals of Fort Worth, L.P. (5272), LifeCare Hospitals of Mechanicsburg, LLC (5957), LifeCare Hospitals of Milwaukee, Inc (4291), LifeCare Hospitals of New Orleans L.L.C. (4151), LifeCare Hospitals of North Carolina, L.L.C. (1857), LifeCare Hospitals of North Texas, L.P. (2743), LifeCare Hospitals of Northern Nevada, Inc (0990), LifeCare Hospitals of Sarasota, LLC (7045), LifeCare Hospitals of South Texas, Inc. (5457), LifeCare Investments, L.L.C. (5041), LifeCare Investments 2, LLC (4598), LifeCare Management Services, L.L.C. (4309), LifeCare REIT 1, Inc. (3708), LifeCare REIT 2, Inc. (2075), LifeCare Specialty Hospital of North Louisiana, LLC (2585), NextCARE Specialty Hospital of Denver, Inc. (8584), NextCARE Hospitals/Muskegon, Inc. (1802), Pittsburgh Specialty Hospital, LLC (6725), and San Antonio Specialty Hospital, Ltd (5386). The address of the Company's corporate headquarters is 5340 Legacy Drive, Building 4 Suite 150, Plano, TX 75024.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| LCI HOLDING COMPANY, INC., <u>et al</u>., | : | Case No. 12-13319 (KG) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMENDED GLOBAL NOTES, METHODOLOGY AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

LCI Holding Company, Inc. ("<u>LCI</u>") and certain of its subsidiaries, including LifeCare Holdings, Inc. ("<u>LifeCare</u>"), the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>" and, together with the non-debtor subsidiaries of LCI, the "<u>Company</u>"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "<u>Schedules</u>") and Statements of Financial Affairs (the "<u>Statements</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), pursuant to section 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

Mr. Stuart Walker has signed each of the Schedules and Statements. Mr. Walker is the Interim Chief Financial Officer and authorized signatory for each of the Debtors. In reviewing

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: LCI Holding Company, Inc. (7662), Boise Intensive Care Hospital, Inc. (2686), CareRehab Services, L.L.C. (2279), Crescent City Hospitals, L.L.C. (2012), LCI Healthcare Holdings, Inc. (3557), LCI Holdco, LLC (3233), LCI Intermediate Holdco, Inc. (7709), LifeCare Ambulatory Surgery Center, Inc. (N/A), LifeCare Holding Company of Texas, LLC (9174), LifeCare Holdings, Inc. (2090), LifeCare Hospital at Tenaya, LLC (8443), LifeCare Hospitals, LLC (9674), LifeCare Hospitals of Chester County, Inc. (6062), LifeCare Hospitals of Dayton, Inc. (2086), LifeCare Hospitals of Fort Worth, L.P. (5272), LifeCare Hospitals of Mechanicsburg, LLC (5957), LifeCare Hospitals of Milwaukee, Inc. (4291), LifeCare Hospitals of New Orleans, L.L.C. (4151), LifeCare Hospitals of North Carolina, L.L.C. (1857), LifeCare Hospitals of North Texas, L.P. (2743), LifeCare Hospitals of Northern Nevada, Inc. (0990), LifeCare Hospitals of Pittsburgh, LLC (9672), LifeCare Hospitals of San Antonio, LLC (6312), LifeCare Hospitals of Sarasota, LLC (7045), LifeCare Hospitals of South Texas, Inc. (5457), LifeCare Investments, L.L.C. (5041), LifeCare Investments 2, LLC (4598), LifeCare Management Services, L.L.C. (4309), LifeCare REIT 1, Inc. (3708), LifeCare REIT 2, Inc. (2075), LifeCare Specialty Hospital of North Louisiana, LLC (2585), NextCARE Specialty Hospital of Denver, Inc. (8584), NextCARE Hospitals/Muskegon, Inc. (1802), Pittsburgh Specialty Hospital, LLC (6725) and San Antonio Specialty Hospital, Ltd. (5386). The address of the Company's corporate headquarters is 5340 Legacy Drive, Building 4 – Suite 150, Plano, TX 75024.

and signing the Schedules and Statements, Mr. Walker has relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Walker has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedule of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On December 11, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On December 13, 2012, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 58]. On December 20, 2012, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 102].

2

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of November 30, 2012. Additionally, because the book values of certain assets may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Moreover, although the Debtors made diligent attempts to attribute certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements to the rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

Stuart Walker was named Interim Chief Financial Officer of the Company on August 15, 2012. While the Debtors do not take a position as to whether Mr. Walker is an "insider," all payments made to Huron Management Services LLC, Mr. Walker's employer, for one (1) year prior to the Petition Date have been included on Statement 9 and Statement 3c.

3

With respect to any person listed as an insider, the Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**Classifications**. Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or to setoff of such claims.

**Claims Description**. Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

   a.   <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

   b.   <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

   c.   <u>Paid Claims</u>. The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

   d.   <u>Excluded Assets and Liabilities</u>. The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits and tax accruals from the Schedules and Statements with respect to liabilities that have been paid pursuant to orders of the Bankruptcy Court.

   e.   <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

<u>Global Notes Control</u>. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**Schedule A**. For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B2**. The Debtors' financial account information is reported as of the Petition Date.

**Schedule B13**. Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedule B13 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**. The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule B16, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

With respect to accounts receivable between Debtors, Schedule B16 reflects the accounts receivable balance without netting against open accounts payable.

**Schedule B21**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedule B23**. In the ordinary course of their businesses, the Debtors are licensed to operate hospitals. Such operating licenses have not been listed on Schedule B23.

**Schedule B24**. Although the Debtors have patient lists containing personally identifiable information provided to the Debtors in connection with obtaining a service, such personally identifiable information is protected by the Health Insurance Portability and Accountability Act. As such, any patient list is not considered an asset and has not been provided on Schedule B24.

**Schedule D**. The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the

terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**. The claims listed on Schedule E arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen or to have been incurred before the Petition Date.

All claims listed on Schedule E are claims owed to various taxing authorities or to employees of the Debtors. Except for certain individuals that may be entitled to unsecured priority claims earned in the 180 day period prior to the Petition Date, the Debtors believe that most of the employee claims entitled to priority under the Bankruptcy Code were paid pursuant to their first day orders that authorized payment of such claims.

**Schedule F**. The Debtors have used their reasonable best efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

With respect to accounts payable between Debtors, Schedule F reflects the accounts payable balance without netting against open accounts receivable.

Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the amount that is the subject of the litigation is uncertain or undetermined. The dollar amount of potential claims associated with any such pending litigation is listed as

"undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Certain of the amounts scheduled on Schedule F as relating to prepetition employee severance and vacation claims may also be subject to priority treatment under Bankruptcy Code sections 507(a)(4) and 507(a)(5). The Debtors' analysis is ongoing with respect to these matters.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to

8

identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. Statements of gross income for calendar year 2012 are reported as of November 30, 2012.

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to bankruptcy professionals, employees and insiders (except to the extent that such employee or insider disbursements were made to Automatic Data Processing, Inc. ("ADP") on account of payroll obligations). Transfers to insiders not on account of payroll obligations are included on Statement 3c. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Due to the structure of the Debtors' cash management system, all disbursements made on behalf of each Debtor are made by Debtor LifeCare Management Services, LLC ("LMS"), such that an intercompany receivable and an intercompany payable are created in the Debtors' books and records, but no disbursements are made between Debtors. Accordingly, each disbursement made by LMS also indicates on behalf of which Debtor such disbursement was made, and Statement 3b for each individual Debtor does not reflect an intercompany receivable for such disbursement.

ADP is the Debtors' payroll administrator. Statement 3b reflects disbursements made to ADP on account of the Debtors' payroll obligations, which ADP ultimately disburses to the Debtors' employees.

**Statement 3c**. Statement 3c accounts for transfers to insiders, including ordinary course payroll payments, but due to the structure of the Debtors' cash management system, only Debtor LMS has made such disbursements.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 8**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 9**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one (1) year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by LMS, and are therefore listed on that Debtor's response to Statement 9.

Several of the professionals listed on Statement 9 were providing services to the debtors beyond debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy, as such the fees listed may include amounts not associated with the bankruptcy process.

**Statement 13**. In the ordinary course of their businesses, the Debtors receive payments on account of their services by Medicare and Medicaid. Medicare and Medicaid periodically review their payments to the Debtors' businesses and reconcile such payments. Prior to the Petition Date, if Medicare or Medicaid determined that the Debtors received an overpayment, then such amount may have been deducted from Medicare's or Medicaid's next payment to the Debtors. Such reconciliations may be considered "setoffs," but have not been listed on Statement 13. Applicable law prevents Medicare and Medicaid from effecting such reconciliations postpetition.

**Statement 14**. In the ordinary course of their businesses, the Debtors use and may have in their possession property or equipment owned by a vendor. Such property has not been listed on Statement 14.

**Statement 19d**. The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors and other parties within two years immediately prior to the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

*[Remainder of page intentionally left blank.]*

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

In re: **LifeCare Holdings, Inc.**                                          Case No. **12-13321 (KG)**

**Chapter 11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $13,933,639.00 | | |
| B - Personal Property | YES | 15 | $6,780,586.33 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $354,638,931.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $416,615,434.11 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 3 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **29** | **$20,714,225.33** | **$771,254,365.11** | |

B6A (Official Form 6A) (12/07)

**In re: LifeCare Holdings, Inc.**　　　　　　　　　　　　　　　　　　**Case No. 12-13321 (KG)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| Building<br>6201 Overton Ridge Blvd. , Ft. Worth, TX 76132<br>225 Penn Avenue, Pittsburgh, PA 15221 | Owned | | $11,744,860.00 | $354,638,931.00 |
| Land<br>6201 Overton Ridge Blvd. , Ft. Worth, TX 76132<br>225 Penn Avenue, Pittsburgh, PA 15221 | Owned | | $2,188,779.00 | $354,638,931.00 |
| | | Total | **$13,933,639.00** | |

(Report total also on Summary of Schedules.)

B6B (Official Form 6B) (12/0

**In re: LifeCare Holdings, Inc.**                                                                                    **Case No. 12-13321 (KG)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | $0.00 |

Subtotal (Total on this page)        **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                                    **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                                    **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page)        **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                   **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | $0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |

Subtotal (Total on this page)   |   **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                      **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | See Schedule B13 Attachment | | Unknown |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |

Subtotal (Total on this page) **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                              **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |
| 16.  Accounts Receivable. | X | | | $0.00 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)   **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                                    **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $0.00 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                                    **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | $0.00 |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                          **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                                **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27.  Aircraft and accessories. | X | | | $0.00 |
| 28.  Office equipment, furnishings, and supplies. | | Computer Equipment<br>LifeCare Holding<br>Cost Basis: $0.00 | | $0.00 |
| | | Furniture and Fixtures<br>LifeCare Holding<br>Cost Basis: -$12,363,376.12 | | $3,857,851.33 |

Subtotal (Total on this page) | **$3,857,851.33**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                          **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28.  Office equipment, furnishings, and supplies. | | Office or Non-Patient Equipment<br>LifeCare Holding<br>Cost Basis: $0.00 | | $0.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | | Patient Equipment<br>LifeCare Holding<br>Cost Basis: $0.00 | | $0.00 |
| 30.  Inventory. | X | | | $0.00 |

Subtotal (Total on this page)       **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                                          **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |
| 33.  Farming equipment and implements. | X | | | $0.00 |

Subtotal (Total on this page)   |   **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                            **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | | ACQ/FIN COST (NET) | | $6,423,916.00 |
| | | Leasehold Improvements | | ($3,106,825.00) |

Subtotal (Total on this page)    **$3,317,091.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: LifeCare Holdings, Inc.**                                                                  **Case No. 12-13321 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | | Other | | $106,100.00 |
| | | Prepaid Expenses | | ($500,456.00) |

|  | |
|---|---|
| Subtotal (Total on this page) | **($394,356.00)** |
| Total | **$6,780,586.33** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

**In re: LifeCare Holdings, Inc.**
**Case No. 12-13321**
Schedule B13
Personal Property - Stock and interests in incorporated and unincorporated businesses

| Business Name | Address 1 | Address 2 | City | State | Zip | Ownership % or # of shares | Book value of investment |
|---|---|---|---|---|---|---|---|
| LifeCare Hospitals of Chester County, Inc. | 400 East Marshall Street | | West Chester | PA | 19380-3314 | 100% | Unknown |
| LifeCare Hospitals of Dayton, Inc. | 4000 Miamisburg-Centerville Road | | Miamisburg | OH | 45342 | 100% | Unknown |
| LifeCare Hospitals of Mechanicsburg, LLC | 4950 Wilson Lane | | Mechanicsburg | PA | 17055 | 100% | Unknown |
| LifeCare Hospitals of Milwaukee, Inc. | 2400 Golf Road | | Pewaukee | WI | 53072 | 100% | Unknown |
| LifeCare Hospitals of New Orleans, L.L.C. | 8550 United Plaza Boulevard | | Baton Rouge | LA | 70809 | 100% | Unknown |
| LifeCare Hospitals of North Carolina, L.L.C. | 1051 Noell Drive | | Rocky Mount | NC | 27804 | 100% | Unknown |
| LifeCare Hospitals of Northern Nevada, Inc. | 10101 Double R Blvd. | | Reno | NV | 89521 | 100% | Unknown |
| LifeCare Hospitals of Pittsburgh, LLC | 225 Penn Avenue | | Pittsburgh | PA | 15221 | 100% | Unknown |
| LifeCare Hospitals of San Antonio, LLC | 8902 Floyd Curl Drive | | San Antonio | TX | 78240 | 100% | Unknown |
| LifeCare Hospitals of Sarasota, LLC | 6150 Edgelake Drive | | Sarasota | FL | 34240 | 100% | Unknown |
| LifeCare Hospitals of South Texas, Inc. | 5101 N. Jackson | | McAllen | TX | 78504 | 100% | Unknown |
| LifeCare Hospitals, LLC | 9320 Linwood Ave. | | Shreveport | LA | 71106 | 100% | Unknown |
| LifeCare Investments 2, LLC | 1209 Orange Street | | Wilmington | DE | 19801 | 100% | Unknown |
| LifeCare Investments, L.L.C. | 6100 Neil Road, Suite 500 | | Reno | NV | 89511 | 100% | Unknown |
| LifeCare Management Services, L.L.C. | 8550 United Plaza Boulevard | | Baton Rouge | LA | 70809 | 100% | Unknown |
| LifeCare Michigan Holdings, Inc. | 30600 Telegraph Road | Suite 2345 | Bingham Farms | MI | 48025-4530 | 100% | Unknown |
| LifeCare REIT 1, Inc. | 1209 Orange Street | | Wilmington | DE | 19801 | 100% | Unknown |
| LifeCare REIT 2, Inc. | 1209 Orange Street | | Wilmington | DE | 19801 | 100% | Unknown |
| LifeCare Specialty Hospital of North Louisiana, LLC | 1401 Ezell Street | | Ruston | LA | 71270 | 100% | Unknown |
| NextCARE Hospitals/Muskegon, Inc. | 30600 Telegraph Road | | Bingham Farms | MI | 48025 | 100% | Unknown |
| NextCARE Specialty Hospital of Denver, Inc. | 1690 N. Meade Street | | Denver | CO | 80204 | 100% | Unknown |
| Pittsburgh Specialty Hospital, LLC | 1209 Orange Street | | Wilmington | DE | 19801 | 100% | Unknown |
| | | | | | | **TOTAL:** | **Unknown** |

B6D (Official Form 6D) (12/07)

In re: **LifeCare Holdings, Inc.**                                                                      **Case No. 12-13321 (KG)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).   If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| See Schedule D Attachment | | | | | | | $354,638,931.00 | Unknown |
| | | | Subtotal(s) (Total(s) on this page) | | | | **$354,638,931.00** | **$0.00** |
| | | | Total(s) (Use only on last page) | | | | **$354,638,931.00** | **$0.00** |

(Report also on Summary of Schedules)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

In re: LifeCare Holdings, Inc.
Case No. 12-13321
Schedule D
Creditors Holding Secured Claims

| Creditor's Name | Codebtor | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Date claim was incurred, nature of lien and description and value of property subject to lien | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AMERICORP FINANCIAL LLC | | | 877 S ADAMS RD | | | BIRMINGHAM | MI | 48009 | | UCC Lien | x | x | x | Unknown | Unknown |
| BANC ONE LEASING CORP | | | 1111 POLARIS PKWY STE A3 | | | COLUMBUS | OH | 43240 | | UCC Lien | x | x | x | Unknown | Unknown |
| CITICORP VENDOR FINANCE INC | | | 1255 WRIGHTS LN | | | WEST CHESTER | PA | 19380 | | UCC Lien | x | x | x | Unknown | Unknown |
| DELL FINANCIAL SVCS LP | | | 12234 N IH 35 BLDG B | | | AUSTIN | TX | 78753 | | UCC Lien | x | x | x | Unknown | Unknown |
| GENERAL ELECTRIC CAPITAL CORP | | | PO BOX 35701 | | | BILLINGS | MT | 59107 | | UCC Lien | x | x | x | Unknown | Unknown |
| JPMORGAN CHASE BANK NA | | | PO BOX 33035 | | | LOUISVILLE | KY | 40202 | | UCC Lien | x | x | x | Unknown | Unknown |
| JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | X | Attn Sandeep Qusba | Simpson Thacher & Bartlett LLP | 425 Lexington Avenue | | New York | NY | 10017-3954 | | Credit Agreement dated as of February 1, 2011 | | | | $354,638,931.00 | Unknown |
| LEASING ASSOCIATES OF BARRINGTON INC | | | 33 W HIGGINS RD STE 1030 | | | SOUTH BARRINGTON | IL | 60010 | | UCC Lien | x | x | x | Unknown | Unknown |
| MED ONE CAPITAL FUNDING LLC | | | 10712 SOUTH 1300 EAST | | | SANDY | UT | 84094 | | UCC Lien | x | x | x | Unknown | Unknown |
| MED ONE CAPITAL FUNDING TEXAS LP | | | 10712 SOUTH 1300 EAST | | | SANDY | UT | 84094 | | UCC Lien | x | x | x | Unknown | Unknown |
| NORLEASE INC | | | 50 S LASALLE ST | | | CHICAGO | IL | 60675 | | UCC Lien | x | x | x | Unknown | Unknown |
| REPUBLIC BANK | | | 1560 S RENAISSANCE TOWNE DR STE 260 | | | BOUNTIFUL | UT | 84010 | | UCC Lien | x | x | x | Unknown | Unknown |
| REPUBLIC BANK INC | | | 801 NORTH 500 WEST STE 103 | | | BOUNTIFUL | UT | 84087 | | UCC Lien | x | x | x | Unknown | Unknown |
| US BANK NA | | | 777 E WISCONSIN AVE | | | MILWAUKEE | WI | 53202 | | UCC Lien | x | x | x | Unknown | Unknown |
| | | | | | | | | | | | | | TOTAL: | $354,638,931.00 | |

B6E (Official Form 6E) (04/10)

In re: **LifeCare Holdings, Inc.**                                                                    Case No. **12-13321 (KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIM  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6E (Official Form 6E) (04/10) - Cont.

**In re: LifeCare Holdings, Inc.**                                      **Case No. 12-13321 (KG)**

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/10) - Cont.

**In re: LifeCare Holdings, Inc.**                                        **Case No. 12-13321 (KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| LOUISIANA DEPT OF REVENUE<br>PO Box 751<br>Baton Rouge, LA 70821 | | | 2012 | X | | | Unknown | Unknown | $0.00 |
| Account No:  STA041<br>STATE COMPTROLLER OF PUBLIC ACCOUNTS<br>111 EAST 17TH ST<br>AUSTIN, TX 78774 | | | 2012 | X | | | Unknown | Unknown | $0.00 |

Subtotals (Totals on this page)      $0.00      $0.00      $0.00

B6E (Official Form 6E) (04/10) - Cont.

**In re: LifeCare Holdings, Inc.**                                                    **Case No. 12-13321 (KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Subtotals (Totals on this page): | | | | | | | $0.00 | $0.00 | $0.00 |
| Total: (Report also on the Summary of Schedules) | | | | | | | $0.00 | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | | | | $0.00 | $0.00 |

B6F (Official Form 6F) (12/07)

In re: LifeCare Holdings, Inc.                                                                                          Case No. 12-13321 (KG)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.   See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| See Amended Schedule F Attachment | | | | | | | $416,622,769.95 |

|  | Subtotal (Total on this page) | **$416,615,434.11** |
|---|---|---|
|  | Total (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$416,615,434.11** |

**In re: LifeCare Holdings, Inc.**
**Case No. 12-13321**
Amended Schedule F
Creditors Holding Unsecured Claims

| Creditor's Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Date claim was incurred and consideration for claim | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Total amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| General Electric Capital Corporation | GE RCA CONSUMER SRV | PO BOX 641288 | | PITTSBURGH | PA | 15264-1288 | Accounts Payable | Y | | | | $14,322.36 * |
| LifeCare Management Services, L.L.C. | 5340 Legacy Dr. Ste 150 | | | Plano | TX | 75024 | Intercompany Payable | | | | | $285,987,048.75 * |
| US Bank, NA | 60 Livingston Avenue | EP-MN-WS3C | | St. Paul | MN | 55107 | Notes | N | | | | $128,105,482.00 |
| VIBRA HEALTHCARE LLC | 4550 LENA DR  SUITE 225 | | | MECHANICSBURG | PA | 17055 | Notes | N | X | X | | $2,508,581.00 |
| | | | | | | | | | | | TOTAL: | $416,615,434.11 |

* Claim not originally included in Schedule F of Schedules of Assets and Liabilities filed on 1/18/2013.

B6G (Official Form 6G) (12/07)

**In re: LifeCare Holdings, Inc.**                                   **Case No. 12-13321 (KG)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See Amended Schedule G Attachment | |

**In re: LifeCare Holdings, Inc.**
**Case No. 12-13321**
Amended Schedule G
Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property.  State contract number of any government contract. | |
|---|---|---|---|---|---|---|---|---|---|
| AFCO PREMIUM CREDIT LLC | DEPT 0809 PO BOX 120001 | | | DALLAS | TX | 75312-0809 | | Premium Finance Agreement | |
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA AND TRANSPORTATION INSURANCE COMPANY | 333 SOUTH WABASH AVENUE | | | CHICAGO | IL | 60604 | | Finance Agreement | |
| GENERAL ELECTRIC CAPITAL CORP | GE RCA CONSUMER SERVICES | PO BOX 641288 | | PITTSBURGH | PA | 15264-1288 | | Equipment Lease | * |
| RYAN, LLC | 13155 NOEL RD STE 100 | | | DALLAS | TX | 75240 | | Services Agreement (Non-Healthcare Services) | |

* Executory Contract/Lease not originally included in Schedule G of Schedules of Assets and Liabilities filed on 1/18/2013.

B6H (Official Form 6H) (12/07)

**In re: LifeCare Holdings, Inc.**                                                    **Case No. 12-13321 (KG)**

# SCHEDULE  H - CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| See Schedule H Attachment | |

In re: LifeCare Holdings, Inc.
Case No. 12-13321
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| Crescent City Hospitals, L.L.C. | 1209 Orange Street | Wilmington | DE | 19801 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LCI Holdco, LLC | 1209 Orange Street | Wilmington | DE | 19801 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Holding Company of Texas, LLC | 6100 Neil Road, Suite 500 | Reno | NV | 89511 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospital at Tenaya, LLC | 2500 North Tenaya Way | Las Vegas | NV | 89128 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Chester County, Inc. | 400 East Marshall Street | West Chester | PA | 19380-3314 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Dayton, Inc. | 4000 Miamisburg-Centerville Road | Miamisburg | OH | 45342 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Fort Worth, L.P. | 6201 Overton Ridge Blvd. | Ft. Worth | TX | 76132 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Mechanicsburg, LLC | 4950 Wilson Lane | Mechanicsburg | PA | 17055 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Milwaukee, Inc. | 2400 Golf Road | Pewaukee | WI | 53072 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of New Orleans, L.L.C. | 8550 United Plaza Boulevard | Baton Rouge | LA | 70809 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of North Carolina, L.L.C. | 1051 Noell Drive | Rocky Mount | NC | 27804 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of North Texas, L.P. | 1950 Record Crossing Road | Dallas | TX | 75235 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Northern Nevada, Inc. | 10101 Double R Blvd. | Reno | NV | 89521 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Pittsburgh, LLC | 225 Penn Avenue | Pittsburgh | PA | 15221 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of Sarasota, LLC | 6150 Edgelake Drive | Sarasota | FL | 34240 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals of South Texas, Inc. | 5101 N. Jackson | McAllen | TX | 78504 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Hospitals, LLC | 9320 Linwood Ave. | Shreveport | LA | 71106 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Investments, L.L.C. | 6100 Neil Road, Suite 500 | Reno | NV | 89511 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Management Services, L.L.C. | 8550 United Plaza Boulevard | Baton Rouge | LA | 70809 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare REIT 1, Inc. | 1209 Orange Street | Wilmington | DE | 19801 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare REIT 2, Inc. | 1209 Orange Street | Wilmington | DE | 19801 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| LifeCare Specialty Hospital of North Louisiana, LLC | 1401 Ezell Street | Ruston | LA | 71270 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| NextCARE Hospitals/Muskegon, Inc. | 30600 Telegraph Road | Bingham Farms | MI | 48025 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| NextCARE Specialty Hospital of Denver, Inc. | 1690 N. Meade Street | Denver | CO | 80204 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| Pittsburgh Specialty Hospital, LLC | 1209 Orange Street | Wilmington | DE | 19801 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| San Antonio Specialty Hospital, Ltd. | 8902 Floyd Curl Drive | San Antonio | TX | 78240 | JPMorgan Chase Bank, N.A., as Administrative Agent and Collateral Agent | 1111 FANNIN 10TH FL | | HOUSTON | TX | 77002 |
| CareRehab Services, L.L.C. | 1209 Orange Street | Wilmington | DE | 19801 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| Crescent City Hospitals, L.L.C. | 1209 Orange Street | Wilmington | DE | 19801 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Holding Company of Texas, LLC | 6100 Neil Road, Suite 500 | Reno | NV | 89511 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospital at Tenaya, LLC | 2500 North Tenaya Way | Las Vegas | NV | 89128 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of Chester County, Inc. | 400 East Marshall Street | West Chester | PA | 19380-3314 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of Dayton, Inc. | 4000 Miamisburg-Centerville Road | Miamisburg | OH | 45342 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of Fort Worth, L.P. | 6201 Overton Ridge Blvd. | Ft. Worth | TX | 76132 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of Mechanicsburg, LLC | 4950 Wilson Lane | Mechanicsburg | PA | 17055 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |

In re: LifeCare Holdings, Inc.
Case No. 12-13321
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| LifeCare Hospitals of Milwaukee, Inc. | 2400 Golf Road | Pewaukee | WI | 53072 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of New Orleans, L.L.C. | 8550 United Plaza Boulevard | Baton Rouge | LA | 70809 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of North Carolina, L.L.C. | 1051 Noell Drive | Rocky Mount | NC | 27804 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of North Texas, L.P. | 1950 Record Crossing Road | Dallas | TX | 75235 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of Northern Nevada, Inc. | 10101 Double R Blvd. | Reno | NV | 89521 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of Pittsburgh, LLC | 225 Penn Avenue | Pittsburgh | PA | 15221 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of Sarasota, LLC | 6150 Edgelake Drive | Sarasota | FL | 34240 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of South Texas, Inc. | 5101 N. Jackson | McAllen | TX | 78504 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals, LLC | 9320 Linwood Ave. | Shreveport | LA | 71106 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Investments, L.L.C. | 6100 Neil Road, Suite 500 | Reno | NV | 89511 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Management Services, L.L.C. | 8550 United Plaza Boulevard | Baton Rouge | LA | 70809 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare REIT 1, Inc. | 1209 Orange Street | Wilmington | DE | 19801 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare REIT 2, Inc. | 1209 Orange Street | Wilmington | DE | 19801 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Specialty Hospital of North Louisiana, LLC | 1401 Ezell Street | Ruston | LA | 71270 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| NextCare Hospitals/Muskegon, Inc. | 30600 Telegraph Road | Bingham Farms | MI | 48025 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| NextCARE Specialty Hospital of Denver, Inc. | 1690 N. Meade Street | Denver | CO | 80204 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| Pittsburgh Specialty Hospital, LLC | 1209 Orange Street | Wilmington | DE | 19801 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| San Antonio Specialty Hospital, Ltd. | 8902 Floyd Curl Drive | San Antonio | TX | 78240 | U.S. Bank, N.A. | 60 Livingston Avenue | EP-MN-WS3C | St. Paul | MN | 55107 |
| LifeCare Hospitals of North Texas, L.P. | 1209 Orange Street | Wilmington | DE | 19801 | VIBRA HEALTHCARE LLC | 4550 LENA DR SUITE 225 | | MECHANICSBURG | PA | 17055 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re: LifeCare Holdings, Inc.**                                                          **Case No. 12-13321 (KG)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

    I, Stuart Walker, Interim Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 42 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date  _2/26/2013_____          Signature: _____/ s / Stuart Walker_____

                                                                   **Stuart Walker**

                                                                   **Interim Chief Financial Officer**

---------------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**